Thank you. Good morning, your honors. Douglas Tyler Francis Jr. on behalf of Mr. Lyte. I would like to reserve five minutes for rebuttal. Very well. Your honor, I wish I was in Pasadena. That'd be a lot more fun this morning. And I think the fact that we're not in Pasadena proves the premise in my case. And that is the SORNA regulations have 72 hours for changing residence, employment, or student status. We're here. Presumably, your honors did not change your residence, even if you stayed through Wednesday or Thursday. Presumably, even if you're paid in Pasadena, you are not subject to Arizona employment laws. And yet, Mr. Lyte was. Mr. Lyte stayed in Arizona from, excuse me, in Arizona. And he was here with a hotel room, with a plane ticket, and ran afoul of the 72-hour law of SORNA. And I think what the judge did was create a bright-line rule for the SORNA, the Sex Offender Registration Notification Act. And that bright-line rule is going to end up, one, conflicting, I believe, with Nichols, the Supreme Court case that I think is probably closest on point on this. Can you address the government's alternative ground to sustain the judgment below? So you have your argument as to the principle, I mean, as to the district court's factual finding, but as to whether or not he was supposed to register because he was in Arizona. But the question I have for you is the government makes an alternative point that under the Michigan statute and the form that he signed when he registered in Michigan, he was supposed to report to Michigan within seven days of traveling, by being away from his residence within seven days. And he didn't do that here. And so he didn't call back into Michigan and say, by the way, I've been away for seven days. I'm in Arizona now. And then at that Michigan was supposed to report that to Arizona. But he didn't do that here. So could you please address the government's argument on this point? Absolutely, Your Honor. First off, one of the issues of this case, one of the issues that I'm raising later in the mandate, the unfunded mandate, is the fact that this is a federal case. It's not a Michigan case. So Michigan has its own enforcement provision. They have their own laws. They have their own capacity to do that. And, you know, Mr. Bight, if he'd registered or called Michigan four days later, he still would have been in violation of SORNA. And the government never addressed that provision. The government never went back and said how state laws apply in this case under these types of facts. Because they can't. With the bright line law that says, if you come here for employment and you come here for residency, you've got 72 hours to report. And that's my issue with the case. And that's, frankly, something I never quite understood about the case, is how there's any way of staying in the state longer than 72 hours under this ruling, under the district court's ruling. May I address one more point, Your Honor? Sure. And that is that one of the other factors about this case that distinguishes it from all the other cases that I read on this is the fact that Michigan had Mr. Light's address for his employment. They had his phone number that they'd used before, and they had his email address. So he was reachable by Michigan. And I'm not going to argue that Mr. Light should have handled this better in a number of circumstances. But I am arguing that based on the ruling we have now, he could not have complied with the seven-day ruling of Michigan without still running afoul of the 72-hour SORNA provisions that were as interpreted by this court. So your argument suggests this isn't a law. It's a matter of federal law. It's SORNA. SORNA itself puts in place a requirement that you register when you change your place of employment, residence, or where you're studying as a student, right? That is a requirement of federal law. Yes, Your Honor. That's what he's being prosecuted for here, right? The statute says a sex offender shall not later than three business days or three changes name, residence, employment, or student status. That's the violation here. Correct, Your Honor. So is there any requirement here that, is there any violation by simply not calling Michigan? In other words, Michigan requires him to call back within seven days and say, by the way, I'm out of state. But I don't see that in the federal statute. That's correct, Your Honor. But isn't there, I mean, the problem that Mr. Light has is that he was essentially homeless. He was transient. I mean, he had an employer who had a place of business in Michigan, but he didn't live there. I think you admitted as much in your brief that he would go back there maybe periodically for a few days, but he didn't have a home or a residence or residential address. He would spend months at a time in other states working. And so the district judge had to turn to the provisions that apply to persons who don't have an established residence, right? So the Michigan regulation about seven days is if a person has a place, has a residence, and they'll have to notify Michigan if he's gone for more than seven days. But that's not what he was convicted of here. So the district judge found that he was habitually residing in Arizona based on the amount of time he was here. And I think the issue before us is, is there sufficient evidence to support that finding? I mean, there's three prongs of the offense, two of which are stipulated. The third was knowledge. That's your dispute. Is there sufficient evidence of his knowledge that he needed to report? Is that correct? He was convicted under SORNA. He was convicted under SORNA. And I think that one of the issues that makes this case interesting, and it makes this case perhaps important, is that knowledge is also intent. What was Mr. Light's intent when he came to Arizona? Well, there's evidence in that as well. I mean, there's the emails and the text messages where he was complaining bitterly about being required to register. He found it onerous. He didn't want to do it. He didn't want to have to register in more than one place. But Congress clearly intended that. Congress clearly intended to keep tabs on sex offenders. And it becomes more difficult for a person if they don't have an established residence. Then they have more reporting requirements. Because otherwise, you have a huge gaping hole in the statute, and a person can just move around and evade registration. Counsel, didn't your client report to Michigan his residence? Which was to say, he reported the address because he didn't have a fixed address in Michigan. But he did report his employer's address, correct? Correct. And so, was that in compliance with Michigan law? He believes so, Your Honor. He testified to that. I'm asking you, but was that in compliance? But in other words, does Michigan law say what to do when you don't have a fixed address? Yes, Your Honor. They say report the best address you have. And I think that's consistent with the case law. So the best address Mr. Light had was his employer's address, where he got mail and where he could be reached. Otherwise, he was itinerant. He was living in a hotel there when he was back there. And he was living in hotels when he was on the road. So Mr. Light was, in fact, reachable, which I think is the ultimate goal of SORNA. As Nichols says, the court was concerned, or the Congress was concerned about losing hundreds of thousands of folks who weren't registered and weren't locatable. Mr. Light was registered, and he was locatable. And nobody ever tried to call him up. Well, actually, they did. The Michigan person in charge of registration said that he had to report there for a semi-annual review, and he did. And if the court looks at the cross-examination, Mr. Light was allegedly in Michigan, had it compliant upon his registration in Michigan. And I think the issue, if I may, is that you are at risk, one, of defining residence as anywhere you stay for more than 72 hours. And I think in Mr. Light's case, there's a lot of regulations and other information about when you are required to change your residence if you're basically homeless. Yes, sir. I'm sorry to jump in, counsel. I did have one particular question. So in this case, he did try to register in Arizona, correct? Ultimately, yes, Your Honor. He did. So I understand why that, while your client used that as exculpatory. But at the same time, in an IRS case, if you're charging someone with failure to file, the fact that they tried to file and didn't can be evidence that they understood they had an obligation to file. And so why isn't the attempt for him to show that he actually didn't plan to stay in Arizona? Otherwise, why was he trying to register? I think the record reflects that he was trying to register because he got a call that said he was running afoul of Arizona law and needed to register. And he was attempting to maintain compliance. Right. And I guess what I'm asking is that under the Jackson standard for which we review evidence post-conviction, shouldn't we view that, his attempt to register as evidence that the government can point you to say because he actually was intending to stay in Arizona? Except that's why he wasn't allowed to register, Your Honor, is because he had a plane ticket out the next day. He was arrested that evening when he was there and he had his employment cards which showed that he was planning on leaving Arizona. That's not why he wasn't allowed to register. He wasn't allowed to register because he arrived 10 minutes before the office closed. He didn't have time to do the registration. Right. And he said in his own testimony that he knew he had to register but he just did the math wrong and the days were off. But by that point, he had already exceeded the time limit for when he was supposed to register, his past three days. He went to the office on June 8th, so he was 14-15 days in at that point. But when he asked Arizona, they believed he was still in compliance with Arizona law and could come back and register the next day, Your Honor. I think that's important. I'd like to untangle two, I think, correct me if I'm wrong, but I think there are two fundamentally different questions. The first question is whether or not, putting aside what he understood or knew, did he have an obligation under federal law or Michigan law to register when he got to Arizona? Putting aside what he thought he had to do, what he was told he had to do. Then the second question is what knowledge he had or what he thought he had to do. But can you focus on the first question, which is did he have an obligation under federal law to register in Michigan, I mean to register in Arizona? Your Honor, the way I understand this is Mr. Light had an obligation in Michigan to tell them when he left the state for more than seven days. I believe that if he was in Arizona for more than 15 days contiguous, he had a duty to register in Arizona. And he had to register in Arizona if he was here for over 30 years. I said 30 days, excuse me, Your Honor. So I think that's the issue is Mr. Light was being told different things by different state agencies about his duties and then he gets... Let's talk about the statute. The statute says the offender shall not later than three business days, this is what he's being charged with, three business days after each change of name. Has he changed his name? No, Your Honor. Has he changed his employment? No, Your Honor. Has he changed his student status? No, Your Honor. Your Honor, I think that's why I'm running out of time, Your Honor. The issue here, in my opinion, is that he did not change his residence. His residence was Michigan. That was his base of operations. And how do we know that? Because there's a factual finding to the contrary. So what's the evidence in the record that is Arizona wasn't his residence? Arizona was his pass through. He had no intention of remaining in Arizona. Can a person create a residence just by saying it's their residence and it's what's convenient for them? So, for example, he had no home. He had no residence in Michigan. That's beyond dispute. That's admitted. So all he had was an employer's address that he registered. He never lived there. He didn't stay there. There was no ability to live there. He lived there a couple of years. So, under the statute, if you change your residence, and then that is defined as where you habitually reside. And the district court concluded that because he had no residence, he habitually resided in all the places he went to work. And we know he was in North Carolina, for example, for two months. He was working on these jobs and staying in different places. And so, unfortunately for him, because of the nature of his work, he was going to have to register a lot. So, I mean, isn't that a change of residence? And then within three days, he was required to register? I think that gets to my second point, Your Honor. This is basically creating a lot of extra work for the state governments. They're required to register people under their laws. So, he doesn't have knowledge because there's a Tenth Amendment problem that the states are being commandeered to create this registration system? Not to create the registration system, Your Honor, but to implement it in the manner that the federal government wants it implemented, which means every three days as opposed to their own state laws. Okay, so then you have a problem in that, I think it's Richardson as our decision, where we rejected that argument and noted that we joined every other circuit that's ever considered the argument in rejecting that position. So, how do we get around that if we want to decide there's a Tenth Amendment violation? Because, Your Honor, I think in this case, by defining residence as any place you stay more than three days, and by defining employment as any place you work for more than three days, you were going on all the state laws that Mr. Light was subject to. You're creating a new bright-line federal rule, and I think that's the problem. I think what happens then is that you end up making the states register people far more than they would otherwise, Your Honor. Why don't we give you a break? I'll give you some extra time. Thank you. And let's hear from the government. May it please the court, good morning. I'm Chris Cabanillas from the U.S. Attorney's Office for the District of Arizona. The government respectfully asks this court to affirm. This is a case, as a member of this court noted, where the first two the defendant was a sex offender with a duty to register under SORNA, and then he traveled in interstate commerce from Michigan to Arizona. So the question is just whether or not he knowingly failed. Let me ask you this question. Can a person habitually reside somewhere, even though they don't have a home, an apartment or a house that they actually live in, can they still habitually reside there? Do you mean in Michigan or Arizona? In Michigan. This Mr. Light is in Michigan. He didn't have a home, he didn't have a house or an apartment, but can he visit, or hypothetically, this is his situation, but do you have to have a physical address, a fixed physical address, to habitually reside somewhere? I think actually the answer to Your Honor's question is because this defendant didn't register. Answer my question. Do you have to have a fixed address to habitually reside somewhere? If I live in a park, if I live in a park until I'm sued away by the police or otherwise, am I habitually residing there? Well, I think the answer to your question is actually in the SORNA guidelines, the definition of habitually resides, and the SORNA talks about how it doesn't want to allow sex offenders to evade registration requirements just because they don't have a fixed abode. And that, I think, gets to the point of the fact that I wanted to mention something, too, which I think is real relevant when it comes to the record. We have a defendant who didn't register an actual residence in Michigan. So as a member of this court noted, Judge Beatty noted, he didn't have a home listed in Michigan. He listed his business, and he said after... That's what the regulation said. That's what the form required him to do, right? That's what the form is in the record actually said. If you don't have a place, just identify where we can find you. So what I'm saying is because he listed a business, he was asked after his arrest, what's up with this business, you know? Why didn't you list an arrest? He said, I live on the road 24-7. That's at SCR 16. I live on the road with the business 24-7. That's at SCR 26. And what that establishes is in this particular case, this defendant was living where he was working, and that's exactly what the district court found. You know, this court also doesn't have to get hung up... Didn't he also testify that he said, he said, he seldom goes back to Michigan. That usually, now I'm quoting from him, usually there's enough work to keep us from going, to keep us going from site to site. If there's a break in work, or there's a holiday weekend, we'll be called back to Michigan. So it seems to me the man... He didn't testify at trial, Your Honor. This is like the evidentiary hearing. There was a, there was a, it wasn't a trial. I realized he didn't testify at trial, but this was, this was, this was a statement he gave to, this was given... In the post-arrest statement are you referring to, Your Honor? Yes. Yeah, so basically I would say that any conflict in the evidence is going to be resolved against the defendant when it comes to his knowledge, and so I think... I'm not talking about the knowledge. I'm talking about actually the facts. Does the government dispute that fact? What he just said, and that, the quote, the quotation that I just read to you? And remind me what you said, Your Honor. He said, usually there's enough work to keep us going from site to site. If there's a break in work, or there's a holiday weekend, we'll be called back to you. Makes my point. That when he is working, he is living where he's working. What the court found, and I think it's important what the district court found, he was, quote, working in and intended to live in Arizona until his next work assignment, end quote. So he was required to register within three business days of arrival. That's at ER 15. So she's making... Is the government's position that any itinerant worker, who nevertheless may have someplace where there is, you know, where they habitually reside, but because they're on the road, and they go from place to place, just because of that? Putting aside, like, the obligation to register within seven days, like Michigan required him to. He was supposed to, he was supposed to call Michigan within seven days of being in Arizona and say, I'm away. He didn't do that. That's a separate question, and I know that's your alternative ground to sustain this judgment. What I'm getting at is, is that the governor's position is that simply having an itinerant job requires you to is living where he's residing, like this defendant. Absolutely. He needs to, he needs to register within 72 hours of three business days, because the SORNA guidelines actually addresses this. All itinerant workers are habitual, habitually reside wherever they work. Notwithstanding that they may return to a place regularly from after, during their road, during their sojourn on the road. In other words, as he says, he goes back to Michigan, and then he goes back out. And he goes, and they may stay on the road for three or four months, and they go back to Michigan. When you say itinerant worker, I guess I would probably phrase it as somebody who's working like this defendant on the job. He lives on the road 24-7. So that means he is living. Until he's called back to Michigan. He's not always on the road. He is called back to Michigan periodically. But what I'm saying is, in the statute, it talks about how a defendant who is residing someplace, and let me, that's where the definition comes in, if I may, your honor. Resides means the location of an individual's home or another place where the individual habitually lives. And that's defined in the guidelines, is if you make your home or you habitually live. So I wanted to mention that we also argued that the defendant made his home where he goes for work. So that's what supports district courts. Factual finding and legal determination that he was residing in Arizona and had a duty to register for that. He also, though, was an employee in Arizona, and that is another alternative. And the defendant actually admitted he knew that he needed to register. He's an employee in Arizona just because he's happening, happening, his work brings him to Arizona. Yes, because the definition that, quote, sex offenders must keep their registration current is what we wrote. I'm sorry, the quote is, where the offender is an employee. And the guidelines that we quoted, the SORNA guidelines, there's an example of the long-haul trucker or the handyman. And the quote is there, is that since a sex offender who does repair work in jurisdiction A and jurisdiction B, he works in both places, he must register in both. It just dovetails back to this court statement in Crowder that the purpose of SORNA is to protect the community from sex offenders. And that the Eighth Circuit noted, we're not going to allow the savvy sex offender to avoid registering under SORNA just because he moves from place to place. So I would respectfully submit that this court can affirm for two separate, well, three reasons. If you find that the habitually resides portion is complied with of that resides definition is one way. The other way is to say he resided because he, quote, made his home here. And that is again, supported by his own statement. I live on the road 24-7. He has no permanent home that he's listing. The third reason is that this court can affirm, because again, this is reviewed for plain error because he didn't make this habitually listing. The third reason is the employee. You have to register as an employee, so he needed to go down there. And of course, the record, I'm sorry, Your Honor, you sound like you want to ask a question. So you're saying that for purposes of the statute, I want to focus on the statute. The man's charged with violating the statute, not the regulatory guidelines here, right? There's a change of employment. So you're saying that we can affirm that he changed his employment by working in Arizona? No, he is an employee working in Arizona. And as I mentioned, that is because I think that I disagree with Your Honor that if you have a stationed employment in Michigan, but you go off on the road as an employee, SORNA encompasses that. And that's what the SORNA guidelines address. Okay, let's not conflate residence with employment. So I'm just, I want to understand, it's your position that if you have a job that takes you on the road, you're going from state to state to state, that just changing with the same company, doing what he's doing or something like that, then you have to register in every state because you're changing employment as you go from state to state to state. You are an employee. So he's an employee. And again, I would really go... The statute says change of employment. I want to focus on the statute. The statute says change of employment. How is that a change of employment when he goes from Arizona to New Mexico to Colorado? Well, I guess, again, I would go back to the guidelines that further define the principle of what it means when you have someone on the road, like the long haul trucker, like the handyman who's moving from jurisdiction to jurisdiction. The idea here is the government is trying to ensure that it knows where people are. And I would also like to respond to the argument that as long as they have his email and his phone number, that's cool. It's not, because the U.S. Marshals Service even testified that unless the defendant complies with these registrations, I remember a question being asked, you wouldn't even know if there's a Michigan provision that says, if you're going to pick a trip for more, be away for more than seven days, let us know so we can report that to wherever you're going. He's clearly in violation of that. I don't... You're not getting any... I mean, I... He's in violation of federal law. We charged him in violation of federal law, not Michigan law. Well, he's clearly in violation of the Michigan provision. I mean, that's on the face of the record here. But the question is that's your alternative ground. Well, we, you know, you mentioned that seven day. I would actually state that we did mention that he had that obligation under Michigan, but he's charged federally in the district court when it denied the defendant's motion to dismiss. Specifically found that state law doesn't govern because the defendant argued that state law, Arizona state law governed. And the fact that he went down to the Pima County Sheriff's Department, you know, 10 days or 11 days after the district court said, hey, that's more than three days, sort of requires a registration for three days. And to answer Judge Owen's question about doesn't it show knowledge? Yes. When he hustled down to the Pima County Sheriff's Department after he had gotten a text or a call from his friend Tina saying the U.S. Marshal Service were on his trail. That's why he went down there. That was evidence of his knowledge of his duty to register. And that's what the district court found. Also, this is a case where the evidence is overwhelming, not just of the defendant's duty to register, but also his intent to disregard the duty to register. And what are some of the things the district court mentioned? The text to Tina where he says, hey, use this phone. The other phones for judicial compliance. And, you know, he's using a phone. He asked her to use a phone that's not known to law enforcement. Again, he didn't register in Arizona until he heard the U.S. Marshal Service were on his trail. His noncompliance in all the different states. And Judge Beatty mentioned the fact that he'd been in North Carolina for a couple of months, over a couple of months. He's not telling anybody he's going to Michigan, North Carolina, Texas, California. This defendant intentionally, we would submit, even more than knowing, he intended to disregard. And how do we know that? One ER-15, the district court's order at three, that's ER-15, and also three ER-338 has texted Jeremy. That is a revelatory text. He did, quote, not want to have to keep registering everywhere. So it shows his knowledge of his duty to register. It shows he needs to register more than just one spot. His knowledge is irrelevant if, in fact, the statute wasn't violated. There are two separate issues here. The question is whether or not, as a threshold matter, was he, in fact, obligated under the federal statute? Was there a change of residence or employment? Was there a change of residence? He's being charged because he didn't, within three months, he didn't contact Michigan. Well, Your Honor, the three elements of soreness he has is required to register, that he travels in interstate commerce, and that he knowingly fails to register. So I think that, actually, yes, the third element is the knowingly fail to register. But if this court is going down the road, potentially, of assessing whether or not it's plainly erroneous, I want to mention all of the reasons why it would make no difference. And that's one of the things this court noted in Johnson, one of its plain error cases that we cited in our brief. This court chooses not to reverse if it can tell it wouldn't have made a difference. The governor's position that this man is not registered at all, he's not even registered properly. Say that again, I'm sorry. It's your contention that he's not properly registered at all? In Michigan, he registered a business. And there was testimony, and again, I refer to the record. Is he properly registered in Michigan as a matter of Michigan law? The district court said no. And the district court said... What's the government's position? That he's not. He's not properly registered in Michigan as a matter of Michigan law. No, because he didn't register a residence as required. The testimony is that. So I'm standing behind what the testimony is and the district court's factual finding that the defendant is incorrect when he says that he was compliant. She said that his claim is, quote, untrue at ER 17. So one of the things that I wanted to mention, too, is that that attitude of just not wanting to register, which is the same attitude in his post-arrest interview. The deputy at the end of the discussion says something like, quote, I just want Sean to register and stay current where he's living. And the defendant says, quote, and I just want Sean to be free, end quote, SCR 29. And that's the attitude. It's not that he doesn't know he needs to register. It's that he doesn't want to. And that's what the district court found. So again, any conflict when it comes to knowledge and knowledge of that duty for purposes of the third element of SORNA and the fact that he knowingly disregarded it, that is resolved against the defendant here. And I respectfully disagree, Your Honor. There is enough to show that he violated SORNA in this case. Unless the court has any more questions, I'll rely on the brief for the rest of the points. The 10th Amendment point, I agree with Judge Beatty that Richardson precludes the defendant's argument. Thank you. All right. Thank you very much, counsel. Let's go three minutes. Thank you, Your Honor. I think part of the record is that Michigan considered Mr. Light compliant with their registration requirements. The fact that he was out of status, perhaps, with Michigan for not reporting within seven days does not mean that he wasn't properly registered in Michigan. And I believe the testimony says that his email and his phone number were correct. Do you agree that a person could be required to be properly registered in more than one jurisdiction? Yes, Your Honor. Okay. So if he was properly registered in Michigan or not seems like a bit of a red herring because he may have had obligations to be registered elsewhere, including other places he was habitually residing, which could include Arizona or North Carolina or California or Texas or any of the other places where he worked. So what evidence could we rely on to say that there wasn't sufficient evidence that he knew he was required to be registered in Arizona? I think I need to fall back to the fact that there is no information that said he needed to be registered in Arizona within 72 hours. Okay. So SORNA says when you change your place of residence, you have to say that there's nothing that says you have to register in 72 hours when the statute says you have to do it. Well, because the statute is also interpreted, in my opinion, by the Code of Federal Regulations, which say habitually lives is also a 30-day requirement, meaning that if you are in a location generally and you move around, you are permitted to register in the area. And so I think may I back up just a minute? Before you do that, you just said something that I want to make sure I understood. You cited the Code of Federal Regulations, and they are implementing regulations. They provide additional gloss on the definitions. You agree that the Attorney General was within the agency's authority when those rights were promulgated? Yes, Your Honor. You're not making any sort of administrative claim that these weren't properly put out for public comment or anything like that? No, Your Honor. And the statute actually gives the Attorney General the authority to promulgate these rights, right? Right, Your Honor. Yes, Your Honor. I guess what I keep coming back to is the fact that there is no federal registry. There's nowhere Mr. Light can go to get advice on the different rules and the different laws. Instead, it's a hodgepodge. Mr. Light attempted to register in Michigan. He was locatable. He wasn't a missing mass of people that they're talking about out there. He was findable. He was employed. He is having the sex offender watch, I believe it's called, this list of voluntary contributions from the states to provide information about people who are registered as sex offenders that the states have to input in there. And then the states have to do the registration, 45 minutes per person. If you take Agent Beidigin's, may I have just a minute or two more? Yes, that's fine. Agent Beidigin's testimony, that means every time somebody changes a bridge, a park, they have to go back to the Sheriff's Department and they have to register. And I say that by requiring that within 72 hours, the federal government is imposing a huge additional burden on the state. The final thing I will say is one of the red herrings of the government is that Mr. Light did not want to register. People don't want to pay taxes. The fact was he was registered, he was findable, and he was employed. Thank you, Your Honor. I thank you both, counsel, for this very interesting case involving a tricky statute. This matter is submitted.
judges: OWENS, BADE, Baker